**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

NILDA CARRERO NIEVES,

    Plaintiff,

    v.                                         CIV. NO. 01-2280 (PG)

COMMONWEALTH OF PUERTO RICO,
ET AL.,

    Defendants.

**OPINION AND ORDER**

    Before the Court is defendants' motion requesting costs and attorney fees. (Docket No. 103)  Having reviewed the motion, as well as plaintiff's opposition (Docket No. 104), for the reasons stated below, defendants' motion is **GRANTED**.

**I. BACKGROUND**

    On September 25, 2001, plaintiff filed the above captioned complaint under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000, et seq., alleging that defendants subjected her to pregnancy discrimination when they promoted a male attorney above her. (Docket No. 1)  Defendants' motions for summary judgment were granted in part and denied in part, and following eight days of trial, on December 22, 2004, the jury returned a verdict in defendants' favor. (Docket No. 99)  That day, judgment was entered accordingly.  (Docket No. 102)

    Having prevailed, defendants filed the instant motion on January 3, 2005 under 42 U.S.C. §§ 1988(b) and 2000e-5(k), requesting attorney fees and costs. (Docket No. 103)  Plaintiff filed opposition, submitting that an award of fees was inappropriate because her complaint was brought in the good faith belief that she had suffered discrimination and

Civ. No. 01-2280 (PG)                                              Page 2

retaliation. In the event that the Court were to grant defendants' attorney fees, plaintiff argued that these should be reduced because the records filed in support of the request were "reconstructed" and the fees excessive. (Docket No. 104) With respect to costs, plaintiff maintains that defendants' requests are by turns inadequately documented, excessive, and unauthorized under the applicable law. Id.

## II. DISCUSSION

Per the so-called "American Rule," litigants must generally bear their own attorney fees and costs. Christiansburg Garment Co., v. EEOC., 434 U.S. 412, 415 (1978); Bercovitch v. Baldwin School, 191 F. 3d 8, 10 (1st Cir. 1999). However, Congress has created an exception for prevailing parties in 42 U.S.C. § 1983 and Title VII cases, authorizing the award of attorney fees as part of the costs. 42 U.S.C. §§ 1988 and 2000e-5(k); see also Christiansburg Garment Co., 434 U.S. at 422; Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 326 (D.P.R. 2003).

Where, as here, the prevailing party is the defendant, the standard applied is that the defendant is entitled to fees and costs when the complaint was frivolous, unreasonable, or groundless or when plaintiff continued to litigate after it clearly became so. Christiansburg Garment Co., 434 U.S. at 422. The Supreme Court has cautioned district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. In the First Circuit, an award of fees to a prevailing defendant is considered exceptional. Casa Marie Hogar Geriatrio v. Rivera Santos, 38 F.3d 615, 618 (1st Cir. 1994).

Defendants maintain that "it was plaintiff's own testimony at trial that she continued to litigate this case even when it became evident that

she could not establish a prima facie case of discrimination." (Docket No. 103 at 3) With regard to plaintiff's retaliation claim, they argue that she obstinately pursued it even though "she could not prevail based on the defendants['] proffered legitimate reason of their inability to grant plaintiff's demands of reclassification and increase in salary." Id. Plaintiff countered these assignments, declaring as follows:

> [c]ontrary to defendants' assertion, plaintiff never admitted that she continued to litigate "after it became evident (during the course of discovery" that she could not establish a prima facie case of discrimination" and after knowing that she "could not prevail" on her retaliation claim.... Plaintiff's "admission" was only to the effect that she learned at trial (partly on the basis of the judge's questions) certain facts about the qualifications and experience of attorney Conrad which had not been explained to her at the time of the events. This admission certainly sheds no light on the viability of plaintiff's retaliation claim.

(Docket No. 104 at 4-5) (emphasis omitted).

Considering plaintiff's response, the Court finds that she has largely admitted that she persisted in the discrimination claims after she learned that the male attorney promoted above her was more qualified. Although plaintiff is correct in stating that her affirmation is logically irrelevant to the viability of her retaliation claim, when viewed against the backdrop of this entire litigation, where the Court's preciously scarce time and resources were squandered on a claim that plaintiff knew or should have known to be meritless two years earlier when discovery concluded in January of 2003 (Docket No. 25), the Court holds that an award of fees and costs is appropriate.

Three defense attorneys have submitted fee applications: Ms. Gloria Robison, Ms. Joanne Estades Boyer and Ms. Yadhira Ramirez Toro. To determine a reasonable amount of attorney fees, courts in this Circuit apply the "lodestar" approach, first calculating the prevailing hourly rate and then time spent performing the various legal tasks, finally

subtracting those which are excessive, duplicative, or unnecessary. Id. at 326-27; see also Gay Officer Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).

The Court first determines the appropriate hourly rate. According to the lodestar method, "the hourly rate should be 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'." Tejada-Batista, 263 F.Supp.2d at 327 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984). "In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005) (citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989)).

Courts often award different rates depending on whether the time was invested in-court or out of court. See Ciudadana v. Gracia-Morales, 359 F.Supp.2d 38, 45 (D.P.R. 2005) (finding rates of $200.00 an hour for out of court work and $225.00 an hour in-court work justified); Rodriguez, 356 F.Supp.2d at 96-97 (finding rate of $190 and $125 to be appropriate); Top Entertainment Corp. v. Torrejon, 349 F.Supp.2d 248, 253 -255 (D.P.R. 2004) (finding hourly rate of $125.00 reasonable); Anywhere, Inc. v. Romero, 344 F.Supp.2d 345, 348 (D.P.R. 2004) (finding rate of $250 to be appropriate for one attorney and rate of $150 per hour, with some hours billed at $75, to be appropriate rates for another less experienced attorney); Vieques Conservation and Historical Trust, Inc. v. Martinez, 313 F.Supp.2d 40, 47 (D.P.R. 2004) (reducing attorney's hourly rate to $225 to equate with local rates); Tejada-Batista, 263 F.Supp.2d 321, 328 (D.P.R. 2003) (finding rate of $150 per out-of-court hours and $175 per in-court hours in line with the rates prevailing in our legal community).

Here, the attorneys did not suggest rates, but rather requested that in fashioning the rate, the Court consider that Attorney Estades has been

Civ. No. 01-2280 (PG)                                                   Page 5

practicing law since 1995, Attorney Ramirez since 1995 and Attorney Robison since 1996.  The attorneys also failed to distinguish between in-court and out-of-court hours.  However, the attorneys having similar experience, in accordance with other rates recently determined reasonable in this jurisdiction, see supra, the Court hereby assigns a median rate of $100 per hour.

The Court has carefully reviewed the attorneys' itemized invoices of the work performed throughout this case.  They state that they invested their time as follows:  Ms. Robison certified that she devoted 186 hours; Ms. Estades certified that she devoted 103 hours; and Ms. Ramirez certified that she devoted 52 hours.

Plaintiff asserts that the attorneys' use of the "reconstruction" time method is improper following the First Circuit's holding in Grendel's Inn, in which it was announced that "[h]enceforth, in cases involving fee applications for services rendered after the date of this opinion, the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."  Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984).  As such, plaintiff requests that the award be disallowed.

Plaintiff points out that a total of two hours, one hour each, was claimed by the same attorney in drafting two identical motions for extension of time.  In addition, plaintiff classifies the ½ hour claimed by two of the attorneys to draft a notice of appearance as excessive.  It is also plaintiff's position that the attorneys' records are generally "plagued" by a lack of specificity, because eleven-hour claims for "pretrial, jury trial and post-trial preparation" on a given day is anomalous given that plaintiff's contemporaneous records specify that she spent 6.75 hours in court on the same day.

Civ. No. 01-2280 (PG)                                                   Page 6

    Having reviewed the fee request, the Court agrees that the attorneys' reconstruction has been imprecise and that there was a tendency to round the hours upward.  It also appears that there was an actual if unnecessary duplication of efforts.  Nevertheless, the Court does not find these defects so egregious that fees should be disallowed.  Grendel's Den, Inc., 749 F.2d at 952.  As plaintiff recognizes, at the time of the verdict, this Court congratulated both parties on their litigation of the case. (Docket No. 104 at 3)

    Balancing the equities, the Court will instead dramatically reduce the fee award by 50% to achieve a fair solution, thereby compressing any duplicative or excessive efforts.  See id. at 954.  The total hours claimed (186 + 103 + 52) of 341, are thus reduced by one half to 170.5 hours.  Multiplying the 170.5 hours by the hourly rate of $100 fixed by the Court, plaintiff shall reimburse $17,050.00 in attorney fees.

    The defendants also requested reimbursement for costs, and the Court having held supra that such an award was appropriate, the Clerk of Court shall tax costs.

### III. CONCLUSION

    **WHEREFORE**, in light of the foregoing, defendants' motion for fees and costs (Docket No. 103), is **GRANTED**, and the attorneys awarded $17,050.00 in fees as well as costs to be taxed by the Clerk of Court.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, August 18, 2005.


                                                       S/ JUAN M. PEREZ-GIMENEZ
                                                       JUAN M. PEREZ-GIMENEZ
                                                       UNITED STATES DISTRICT JUDGE